375 A.2d 799

**COMMONWEALTH of Pennsylvania**

v.

**Charles EVANS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided June 29, 1977.

Daniel-Paul Alva, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The appellant contends, *inter alia,* that he was denied his right to a speedy trial because he was not brought to trial within 180 days of the filing of the criminal complaint against him, as required by Pa.R.Crim.P. 1100(a)(2).[1] We are constrained to agree with this contention and therefore order the appellant discharged.

On December 25, 1974, a criminal complaint was filed against the appellant charging him with various criminal offenses. The record shows that trial was delayed on several occasions because no courtrooms were available. The appellant was responsible for no delay in the proceedings. On June 26, 1975, three days after the expiration of the 180 day period, the appellant requested the lower court to dismiss the charges against him on the basis of Rule 1100. The court below scheduled a hearing on the motion to dismiss for the following day, June 27, 1975, at which time the appellant filed the required written application to dismiss. Pa.R. Crim.P. 1100(f).[2] On June 27, 1975, the Rule 1100 hearing was conducted and the appellant's application to dismiss the charges against him was denied. Trial commenced immediately thereafter.

■ The lower court, in its opinion, attempts to justify the denial of appellant's application to dismiss for several reasons. First, the court below emphasizes that the appellant failed initially to petition the lower court in written form, as required by Pa.R.Crim.P. 1100(f). Although we agree with the lower court that an accused must strictly

1. Pa.R.Crim.P. 1100(a)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Pa.R.Crim.P. 1100(f) provides that:
  "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

comply with the requirements of the Rule in seeking relief, the record herein clearly reveals that the appellant did file a petition to dismiss after receiving leave from the court below to do so. Moreover, the Commonwealth evidently received notice of appellant's petition since an assistant district attorney successfully argued against the allowance of the petition at the hearing thereon.

■ Second, the lower court asserts that the appellant's petition to dismiss was not timely made since the case had already been called for trial. Certainly, under Rule 1100(f), an accused must petition the court to dismiss the charges against him prior to the commencement of trial. As explained in the Comment to Rule 1100, however, preliminary calendar calls do not constitute commencement of trial. "A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in trial." Comment, Pa.R.Crim.P. 1100. The record reveals that the instant case was listed for trial on June 26, 1975, but that trial did not actually commence until June 27, 1975, after the conclusion of the Rule 1100 hearing.

■ Finally, the court below maintains that the appellant acquiesced to the delay in the proceedings against him because he failed to object to the various continuances granted in the case. We reject this contention. In *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97 (1975), we ruled that an accused is not required to bring himself to trial. "Rule 1100 is thereby consistent with prior case law which holds that it is the duty of the State to bring a defendant to trial. (citations omitted). These cases recognize that the strategy of defense often calls for delay and that the right to a speedy trial is not to be honored only for the vigilant and the knowledgeable." *Id.* 237 Pa.Super. at 456, 352 A.2d at 99.

■ We have no difficulty in determining that the appellant's petition to dismiss should not have been denied. In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Pennsylvania Supreme Court stated that all delay beyond the mandatory period " '. . . must either be excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule, [Pa.R.Crim.P. 1100(c)], if the Commonwealth is to prevail.' " *Id.* 469 Pa. at 14, 364 A.2d at 697, *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976). In the instant case, the Commonwealth failed to apply to the court below for an extension of time for trial. Moreover, periods of delay attributable to the judiciary are not excludable under Pa.R. Crim.P. 1100(d).[3] *Commonwealth v. Shelton, supra.* Thus, since the mandatory period within which to commence trial had expired when the appellant filed his petition to dismiss, we order the appellant discharged.

**3.** Pa.R.Crim.P. 1100(d) provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."