409 A.2d 33

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey A. WARNER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Aug. 9, 1979.

Petition for Allowance of Appeal Granted March 25, 1980.

2

John R. Gailey, Jr., York, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends *inter alia*[1] that the lower court erred in denying his motion to dismiss the charges against him under Pa.R.Crim.P. 1100(f). Because we agree, we reverse and discharge appellant.

On March 5, 1977, police arrested appellant and filed a written criminal complaint charging him with operating a motor vehicle under the influence of drugs or alcohol,[2] reckless driving,[3] and involuntary manslaughter.[4] Trial did not commence until September 29, 1977, 210 days after the filing of the written complaint. On July 20, 1977, appellant's counsel filed a written application for a continuance in which he alleged that he would be unavailable for appellant's trial, then scheduled for the week of July 25, 1977. The continuance application also contained the following waiver, signed by appellant:

"I am aware and have been advised of the implications and consequences of the above application and (have/do not have) objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause

1. Appellant also contends that the lower court erred in not sustaining his demurrer. Because of our disposition on the Rule 1100 issue, we need not reach the merits of this claim.

2. 75 Pa.C.S.A. § 1542.

3. 75 Pa.C.S.A. § 3714.

4. 18 Pa.C.S.A. § 2504.

4

a delay in having said criminal charges disposed of by the Court."

The lower court granted the continuance but for an unspecified period of time.[5] On September 29, 1977, appellant's counsel filed a written motion to dismiss the charges under Rule 1100(f). The Commonwealth and appellant's counsel agreed on the above facts and the lower court denied the motion. Trial commenced the same day,[6] which was the Thursday of the first week of the next trial session after the session of July 25. Appellant was found guilty of driving under the influence and involuntary manslaughter. On the charge of driving under the influence, the lower court placed appellant on one year probation in lieu of sentence and ordered him to pay a $200 fine and undergo treatment at an Alcohol Information Program. On the charge of involuntary manslaughter, the court sentenced appellant to 11½ to 23 months imprisonment. This direct appeal followed.

Rule 1100(a)(2) mandates that the Commonwealth commence appellant's trial within 180 days of the filing of the written complaint. Any delay beyond 180 days must be either excluded from the computation of days pursuant to Rule 1100(d) or justified by an order granting an extension pursuant to Rule 1100(c). *Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976). When, as here, the Commonwealth has not sought an extension of time under

5. It is unclear from the record when the lower court granted the continuance. We have only the written application before us which indicates that (1) appellant signed the waiver on July 13, 1977, (2) appellant's counsel signed the continuance on July 14, 1977, and (3) the prosecutor's office signed the application, thereby indicating it was not opposed, on July 20, 1977. On the bottom portion of the application, the lower court indicated that it granted the application for continuance by marking an "X" after the word "Granted" and signing it. The lower court did not date its grant. However, the application, complete with the lower court's signature, was filed on July 20, 1977. We conclude from the above that the continuance was granted on July 20, 1977.

6. Because the trial judge had not yet directed the parties to proceed to voir dire or opening argument nor taken any other such first step in the trial, appellant's Rule 1100(f) motion was timely filed. *See Commonwealth v. Evans*, 249 Pa.Super. 142, 375 A.2d 799 (1977).

Rule 1100(c), it has the burden of showing by a preponderance of the evidence that, under the operation of Rule 1100(d), enough days can be excluded from the period for commencement of trial to comply with the time limits of Rule 1100. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 564, 372 A.2d 826, 831 (1977). When a continuance is properly granted because of defense counsel's unavailability, we will exclude the entire period of the continuance under Rule 1100(d)(1). *See Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978). However, the Commonwealth must prove that the reason for not scheduling and commencing trial in the remaining days of the Rule 1100 period is, in fact, the unavailability of an accused or his counsel and not "judicial delay." *See Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979). Moreover, the Commonwealth has the burden of proving that any waiver of Rule 1100 rights is valid. *See Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979). In *Commonwealth v. Coleman*, 477 Pa. 400, 405, 383 A.2d 1268, 1271 (1978), our Supreme Court specifically held that waivers of precisely the same form as that which appellant signed have "no legal significance."

Because the Commonwealth in the case at bar never applied for an extension of time under Rule 1100(c), it must prove that at least 30 days are excluded from the computation of time under Rule 1100(d). The Commonwealth may not rely upon appellant's signed waiver because it is not valid. *Coleman, supra.* Even assuming defense counsel's unavailability for the entire period from July 20, 1977 to the end of the week of July 25, 1977, "it is clear that the reason for not scheduling [appellant's] trial in the remaining days of the [Rule 1100] period was because the court calendar would not permit. Thus, the Commonwealth's claim for excusing the commencement of trial on the days following [the admitted period of unavailability] rests upon a claim in the nature of 'judicial delay' rather than . . . unavailability . . . . Our cases have made clear that scheduling difficulties may provide the basis for the request of an

extension pursuant to section (c) of the Rule rather than section (d)(1)." *Morgan, supra* 484 Pa. at 125, 398 A.2d at 975. *See Coleman, supra.* Because the Commonwealth has not shown that defense counsel's unavailability caused a delay of 30 or more days in the commencement of trial and because the Commonwealth never obtained an extension of time under Rule 1100(c), we conclude that appellant's Rule 1100 rights have been violated and he must be discharged.

Judgment of sentence reversed and vacated and appellant discharged.

WIEAND, J.; files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. This is another case in which trial was delayed by the appellant, who then attempted to use that delay, successfully it now appears, to obtain a dismissal of criminal charges against him.

In *Commonwealth v. Brightwell*, 486 Pa. 401, 406 A.2d 503 (1979), Justice Nix, writing in support of affirmance by an equally divided court, articulated the common sense rule which ought to be applied in this and in similar cases. "[W]e know of no case," he wrote, "wherein the right to a speedy trial has been violated when the cause for the delay has been properly attributable to the defendant. To the contrary, where the defendant has deliberately caused the delay, he has been prevented from taking advantage of his own wrong." (486 Pa. at page 405, 406 A.2d at page 505).

The instant case was scheduled for trial in Adams County during the week of July 25, 1977, and the Commonwealth was prepared to proceed at that time. A continuance was requested by appellant's counsel, however, and joined by appellant himself, for the stated reason that counsel would be unavailable. Knowing that his application for continuance faced possible opposition by the District Attorney and a doubtful reception by the trial judge, both of whom were aware that 180 days would expire before the next scheduled session of jury trials in September, appellant's counsel took

steps to eliminate the reasons for such opposition. Thus, he assured the District Attorney in a written letter that "the Defendant has knowingly and voluntarily waived the requirement of Rule 1100 as it applies to this continuance." In the application to the court, moreover, appellant conceded: "I am aware and have been advised of the implications and consequences of the above application and do not have objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court." The District Attorney did not oppose and the court, therefore, granted the defense application for a continuance. The case was then scheduled for trial during the week of September 26, 1977, which was the next scheduled session of jury trials in Adams County. Prior to the start of trial, however, appellant filed an application to dismiss the charges under Pa.R.Crim.P. 1100(f).

Under these circumstances, I would hold that appellant knowingly agreed to a trial in September. Because such a trial followed the expiration of more than 180 days from the signing of the complaint against him, appellant thereby waived the time requirements of Rule 1100.

There can be no doubt that appellant and his counsel desired and made application for a continuance of the trial scheduled in July, 1977. It also is clear that in Adams County the next session of criminal jury trials was scheduled to commence on Monday, September 26, 1977 and that appellant's counsel was chargeable with knowledge of that fact. Finally, it seems clear that appellant's counsel represented to the District Attorney that the requirements of Rule 1100 were being waived knowingly and voluntarily in order to obtain consent from the District Attorney and favorable action by the court on the application for continuance. Because counsel's knowledge of the court calendar in Adams County must be imputed to his client, I would hold that appellant's joinder in the request for a general continuance constituted consent to be tried at the next term of court to be held during the week of September 26, 1977. Cf.

*Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). Under such circumstances, it seems clear that appellant intended to waive and did waive a violation of Rule 1100 which was inherent in the granting of his request for a continuance. See: *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975). See also: *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979).

It is correct, as appellant argues, that the problem could have been avoided if, as suggested in *Commonwealth v. Coleman*, 477 Pa. 400, 405–406, 383 A.2d 1268, 1271 (1978), the continuance had been granted for a specified period of time. In July, 1977, however, the teachings of the Supreme Court in *Coleman* were not available to the trial court.[1] It is also correct that the language in the application for continuance was alone inadequate to constitute a waiver of Rule 1100. See: *Commonwealth v. Coleman*, supra. Certainly, however, it is a fact to be considered. Appellant and his counsel wanted a continuance, knew that a continuance would result in a September trial and agreed to that result. The language of the application, the letter by appellant's counsel to the District Attorney, and the information available to appellant and his attorney make this clear.

Thus, when all the legalese is stripped away, the one fact that clearly remains is that appellant and his counsel were responsible for the continuance in July and thereby achieved a delay of the trial until September. Now they seek to avoid their agreement and use the very delay which they caused to avoid a trial on the merits. By permitting such a result, we encourage the games which are being played with Rule 1100 in the trial courts. Perhaps even more regrettably, we contribute to the disillusionment of a public which cannot comprehend a criminal justice system which allows a defendant to cause delay and then take advantage of his own delay to obtain a dismissal of serious criminal charges against him.

1. *Coleman* was decided on March 23, 1978.

Because I believe such a result is undesirable and not required by Rule 1100, I respectfully dissent. I would affirm the judgment of sentence.