421 A.2d 636

COMMONWEALTH of Pennsylvania, Appellee,

v.

Lloyd MANLEY, Appellant.

Supreme Court of Pennsylvania.

Argued April 25, 1980.

Decided Sept. 22, 1980.

Arthur L. Gutkin, Lafayette Hill, Walter L. McDonough, Ardmore, for appellant.

Robert B. Lawler, Chief, Appeals Div., Lee Kaplan, Philadelphia, for appellee.

## OPINION OF THE COURT

KAUFFMAN, Justice.

Appellant, Lloyd Manley, was convicted by a jury in the Court of Common Pleas of Philadelphia County of three counts of conspiracy and four counts of manufacture, delivery or possession with intent to deliver a controlled substance. Post verdict motions were filed and denied. The Superior Court affirmed the judgment of sentence. *Commonwealth v. Manley*, 252 Pa.Super. 77, 380 A.2d 1290 (1977) (Hoffman and Spaeth, JJ., dissenting). We granted allocatur on June 9, 1978.[1]

Appellant originally was brought to trial in October 1973. Due to illness of the trial judge, however, a mistrial was declared on October 29, 1973. After numerous delays, appellant's second trial commenced on April 11, 1975. In this appeal, appellant maintains that he is entitled to a discharge under Pa.R.Crim.P. 1100 ("Rule 1100") because the Commonwealth failed to retry him within 90 days of the date of the mistrial order. We agree and vacate the judgment of sentence.

### I

In October 1973, when the mistrial was declared, Rule 1100(e) provided:

A new trial shall commence within a period of ninety (90) days after the entry of an order by the trial court or an appellate court granting a new trial.[2]

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 724(a).

2. Rule 1100(e) was amended, effective December 9, 1974, enlarging the period of limitation to 120 days, and re-amended, effective July 1, 1976, to read as follows:

(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

(2) When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after

Appellant contends that the time constraints of Rule 1100(e) apply to a new trial required by reason of the declaration of a mistrial.[3] The Commonwealth argues, on the other hand, that Rule 1100(e) applies only when a new trial is ordered following post–verdict motions or appeal on the theory that "the declaration of a mistrial is not 'an order . . . granting a new trial.' " Although perhaps technically correct, the Commonwealth raises a distinction without a substantive difference. Adoption of the Commonwealth's narrow interpretation of Rule 1100(e) would carve an unfair and illogical gap in Rule 1100 coverage. *Cf. Commonwealth v. Whitaker,* 467 Pa. 436, 359 A.2d 174 (1976) (the prosecution may not circumvent Rule 1100 by the use of a *nolle prosequi* ).

When confronted with this very issue, the Superior Court has held that there is no substantive reason for treating a trial following a mistrial differently from a new trial following one which went to verdict. *Commonwealth v. Legree,* 256 Pa.Super. 128, 389 A.2d 634 (1978).[4] We agree. In *Legree,* on the day the new trial was to commence, the defendant filed a Rule 1100 motion to dismiss, contending that Section (e) did not apply to new trials following mistrials. Hence, argued defendant, he must be discharged because he was not brought to trial within 180 days of the

the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.

**3.** Because it found that appellant had waived his speedy trial rights under Rule 1100, the Superior Court did not address this issue.

**4.** *Commonwealth v. Legree, supra,* was decided under the current version of Rule 1100(e). This is of no consequence, since we deem the variation in language insignificant. Section (e) currently reads, in pertinent part:

(1) When a trial court has granted a new trial *and no appeal has been perfected,* the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial. (Emphasis added).

We reject the Commonwealth's assertion that since no appeal can be perfected from the declaration of a mistrial, the insertion of the italicized phrase evidences a conscious decision to exclude new trials following mistrials from the constraints of the Rule.

original complaint.[5] In rejecting this argument, the Superior Court stated:

> Obviously, [Rule 1100(e)] only establishes when a new trial must commence; it does not attempt to define what constitutes an "old trial." Under [defendant's] interpretation of the rule, for which he cites no authority, a "new trial" can only occur when a previous trial went to a verdict which was overturned for one reason or another. We do not believe such a narrow interpretation of the scope of the rule is warranted. First, for the purpose of Rule 1100, [the original] trial had commenced [within 180 days of the filing of the complaint], and it is not logical to hold that a subsequent event which caused a mistrial eradicated the fact of the trial's commencement as if it never existed. Second, the scheduling problems which follow the granting of a mistrial are not substantially greater than those which follow the granting of a new trial when no appeal is taken. Finally, applying Rule 1100(e)(1) to mistrial would not create the gaping loophole in Rule 1100 that the Supreme Court refused to afford to the use of nolle prosequis in *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976). The principal difference is that, subject to the court's approval, nolle prosequis may be voluntarily taken by the Commonwealth despite the defendant's objection. Pa.R.Crim.P., Rule 314. That is not the case with mistrials which, on the contrary, may be granted only on defendant's motion or on motion of court, despite the Commonwealth's objection. Pa.R.Crim.P., Rule 1118. Furthermore, if the Commonwealth deliberately provokes a mistrial in order to gain the extension of time to which it would not be entitled under Rule 1100(c), the double jeopardy clause of the constitution operates as

5. Rule 1100(a)(2) provides:
   > Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

   In *Legree*, the new trial was commenced beyond the 180th day from the filing of the complaint, but well within 120 days from the declaration of mistrial.

a bar to further prosecution. *Commonwealth v. Bolden*, 472 Pa. 602, 640–43, 373 A.2d 90, 108–110 (1977). Hence, there is no substantial reason for treating a trial following a mistrial differently from a new trial following one which went to verdict. See *Commonwealth v. Manley*, 252 Pa.Super. 77, 89–95, 380 A.2d 1290, 1295–99 (1977). (Dissenting Opinion by Hoffman, J.).

256 Pa.Super. at 132–33, 389 A.2d at 636.

■ The mandates of the Sixth Amendment to the United States Constitution and Article 1 Section 9 of the Constitution of this Commonwealth are founded upon a joint concern for the fundamental rights of an accused and for the societal interest in the prompt disposition of criminal cases. *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[6] These concerns exist whether an accused faces trial or retrial, and the reason for the retrial is irrelevant. Indeed, the purpose of Rule 1100 is "to expedite the trial and retrial of criminal cases . . .," *Commonwealth v. Woods*, 461 Pa. 255, 258, 336 A.2d 273, 275 (1975), and thus to ensure compliance with constitutional requirements. *See Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). Rule 1100(e) therefore applies to trials following mistrials just as it applies to those following post–verdict motions or appeal.

## II

We now turn to the merits of appellant's claim that the Commonwealth failed to bring him to trial within 90 days of the mistrial order. Under Rule 1100(d)(1), periods of delay attributable to the unavailability of defendant or his attorney are excludable in computing the 90 day period. Like-

6. As we stated in *Commonwealth v. Hamilton*, 449 Pa. at 304, 297 A.2d at 131:

Inordinate delay between the institution of charges and the trial seriously interferes with the defendant's liberty whether he is free on bail or not. The defendant who is free on bail may find that the pending charges "disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy and create anxiety in him, his family and friends." *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971).

wise, under Rule 1100(d)(2), when a continuance in excess of 30 days is granted at the defendant's request, the period beyond the 30th day is excludable. The Commonwealth may secure an extension of time under Rule 1100(c) upon a showing that it is unable to bring the accused to trial, despite due diligence, within the speedy trial period.[7] The Commonwealth concedes that it never sought such an extension because it had "tied its fate" to the position that Rule 1100 was inapplicable. (Appellee's Brief at 13).

■ The Commonwealth here has failed to sustain its burden of showing compliance with the Rule. *See Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Warner*, 269 Pa.Super. 1, 409 A.2d 33 (1979).[8] Mistrial was declared on October 29, 1973. Although the case was re–listed for November 26, 1973, trial did not commence until April 11, 1975, some 529 days and numerous continuances later. Of the delay, a maximum of only 274 days appropriately may be attributed to appellant.[9] Since trial was commenced 165 days beyond the maximum Rule 1100(e) period, appellant must be discharged under Rule 1100(f).

7. Rule 1100(c) provides:
   At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

8. Relying solely on its arguments that Rule 1100(e) is not applicable here and, in the alternative, that appellant waived his Rule 1100 rights (see discussion *infra*), the Commonwealth has all but conceded that trial was not commenced in accordance with the Rule.

9. Although our calculation varies by a few days from that of the dissent below, the discrepancy is irrelevant in light of the lengthy period of delay.

## III

The Commonwealth does not contend that appellant was timely brought to trial. Rather, it maintains that appellant waived his Rule 1100 rights. We disagree.

On November 27, 1974, appellant filed a Rule 1100(f) application to dismiss, which was denied summarily on December 2, 1974.[10] One week later, on December 9, 1974, appellant requested a continuance until January 27, 1975 because his attorney was engaged as counsel in federal court. On the same date, appellant executed the waiver in question:

> I hereby certify, that on [December 9, 1974], Hon[orable] Alex Bonavitacola orders case cont[inued] to January 27, 1975 [in] Room 625. Def[endant's] att[orney] on trial in Fed[eral] Court . . . I, the defendant, waive the 270 day rule and as to speedy trial.[11]

It is clear that "Rule 1100, like the right to a speedy trial which it protects, may be waived." *Commonwealth v. Myrick*, 468 Pa. at 159, 360 A.2d at 600. The Commonwealth must prove the validity of the waiver, however, by showing that it was the product of an informed and voluntary decision. *Id., Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978). On this record, we cannot conclude that the December 9 waiver evidences an *intelligent* decision by appellant to waive his Rule 1100 rights *in toto*. As in *Commonwealth v. Coleman, supra*, the statement signed by appellant contains no indication that he understood the nature and scope of the right which he was waiving.[12]

---

**10.** At least one previous Rule 1100 motion to dismiss already had been denied.

**11.** Appellant, his counsel, and Judge Bonavitacola all signed the statement. Its reference to the "270 day rule" is based on Rule 1100(a)(1), which states:

> Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

**12.** In *Coleman*, we found the following statement of waiver to be invalid:

Although an on–the–record colloquy is not necessary, we do require proof that the defendant understood the consequences of his act.

The circumstances surrounding the waiver here confirm that appellant did not intend a blanket waiver of his Rule 1100 rights. The 90–day period prescribed by Rule 1100(e) already had run prior to the date the waiver was executed. Just one week earlier, on December 2, appellant's most recent Rule 1100(f) application erroneously had been denied. As persuasively stated in the dissent below, it is "difficult to believe that a defendant with an appreciation of his bargaining position would knowingly waive his right to include the period *before* a requested continuance in his Rule 1100 computations . . . A defendant who waives this prior period has nothing to gain and everything to lose." 252 Pa.Super. at 92, 380 A.2d at 1297.[13]

The judgment of sentence is vacated and appellant is discharged.

> I am aware and have been advised of the implications and consequences of the above application and (have/do not have) objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court.

477 Pa. at 406, 383 A.2d at 1271. *See Commonwealth v. Prillerman*, 260 Pa.Super. 214, 393 A.2d 1228 (1978) (invalid waiver); *Compare Commonwealth v. Scott*, —— Pa.Super. ——, 414 A.2d 1095 (1979) (plurality opinion) (valid waiver); *Commonwealth v. Dalahan*, 262 Pa.Super. 615, 396 A.2d 1340 (1979) (plurality opinion) (valid waiver).

13. In light of our disposition of this issue, it is unnecessary for us to reach appellant's additional claim that the Commonwealth failed to comply with a pre–trial order to disclose the whereabouts of an informant. *But see McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967).