646

435 A.2d 1204

COMMONWEALTH of Pennsylvania, Appellant,

v.

Jeffrey A. WARNER.

Supreme Court of Pennsylvania.

Submitted May 18, 1981.

Decided Sept. 24, 1981.

Gary E. Hartman, Dist. Atty., for appellant.

John R. Gailey, Jr., York, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appeal dismissed as improvidently granted. See *Quinn v. Muscare*, 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 (1976) (certiorari dismissed where, subsequent to grant of writ, developments in law make review unnecessary).

LARSEN, J., files a dissenting opinion in which KAUFF-MAN, J., joins.

FLAHERTY, J., files a dissenting opinion in which KAUFFMAN, J., joins.

LARSEN, Justice, dissenting.

I dissent from the dismissal of this appeal as improvidently granted. In my opinion, the Superior Court acted improperly in discharging appellee, under Rule 1100 of the Pennsylvania Rules of Criminal Procedure, and its order should be reversed.

The appellee in this case was charged with driving while under the influence (formerly 75 P.S. § 1037) and involuntary manslaughter (18 Pa.C.S.A. § 2504) for the death that

resulted therefrom. The incident occurred in July of 1977, and trial was scheduled to begin the same month. Appellee's counsel, however, petitioned the trial court for a continuance and was granted the same. On the "Application for Trial Continuance" appellee signed his name after the following paragraph:

I am aware and have been advised of the implications and consequences of the above application and (do not have) objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court.

Further, the letter from appellee's counsel which accompanied the pleading stated:

As you can see, the defendant has knowingly and voluntarily waived the requirement of Rule 1100 as it applies to this continuance.

Trial was then scheduled for the first criminal trial term following the term in which the continuance was granted. Before jury selection began, appellee moved to have the charges dismissed pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure since 210 days had elapsed from the filing of the complaint. This motion was denied, and appellee was found guilty of both charges. He appealed to the Superior Court, which discharged him pursuant to Rule 1100, and we granted the Commonwealth's petition for allowance of appeal.

In *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980) this Court held that there must be some proof that the defendant understands the consequences of a waiver of Rule 1100. I would hold that counsel's letter supplies that proof, and I feel that a contrary holding is in effect a legal presumption that counsel could not competently advise his client of the consequences of waiving Rule 1100. Such presumptions should not be condoned or tolerated in the context of the harsh results that flow from the dismissal of charges under Rule 1100, and the majority has once again gone out of its way to absolve a person who criminally

caused another person's death from any criminal responsibility for reasons which are wholly unrelated to fairness and justice. *See Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367, 371 (1981).

Accordingly, I would reverse the order of the Superior Court and affirm the judgment of sentence.

FLAHERTY and KAUFFMAN, JJ., join in this dissenting opinion.

FLAHERTY, Justice, dissenting.

I join the view expressed by Mr. Justice Larsen, but am constrained to add that the result reached by the majority not only presumes counsel's incompetence, but also violates the guidelines which we have previously laid down for determining the validity of waiver in Rule 1100 cases. Those guidelines require that we consider all the circumstances of record in determining whether the waiver was knowing. *Commonwealth v. Manley*, 491 Pa. 461, 468–469, 421 A.2d 636, 640 (1980).

A short statement of the law concerning the validity of waivers in Rule 1100 cases is that where the waiver itself does not spell out the particular rights which the signer waives, but recites only the conclusion that he understands those rights, the waiver has only prima facie validity. *Commonwealth v. Myrick*, 468 Pa. 155, 160–161, 360 A.2d 598, 600 (1976). However, such a waiver will not withstand a challenge to its validity unless the Commonwealth is able to prove by a preponderance of evidence that the waiver was intelligently made. *Commonwealth v. Coleman*, 477 Pa. 400, 407, 383 A.2d 1268, 1271 (1978). The waiver form which the appellee signed in the present case does not explain the right to a speedy trial, and is substantially the same as forms which we have ruled on in other cases. *See Coleman*, 477 Pa. at 406–407, 383 A.2d at 1271. According to existing case law, the waiver form in this case, absent more, is inadequate to establish that appellee knowingly and voluntarily waived his Rule 1100 rights. But there is more. There is the letter of counsel for appellee to the district attorney stating:

As you can see, the defendant has knowingly and voluntarily waived the requirement of Rule 1100 as it applies to this continuance.

The pivotal issue in this case is whether this letter indicates that counsel is making assurances that appellee knowingly waived his Rule 1100 rights or is merely transmitting a non-committal message to the effect: "Enclosed please find a waiver form."

To determine the answer to this question, it is helpful to recall that a continuance was granted at appellee's request and in the face of possible opposition from the district attorney and the trial judge, both of whom would have been aware that 180 days would expire before the next scheduled session of jury trials. In this context, it is most plausible to believe that counsel's letter constitutes an independent assurance to the district attorney that the waiver is valid.

Furthermore, if counsel were not making such an assurance, if he were merely sending a carefully worded letter designed to lull the court and the district attorney into acquiescence, he would be involved in perpetrating a fraud on the court. Of course, we could also imagine that counsel for the appellee were unaware of the need to advise his client as to the speedy trial rights that the client waived when he signed the form provided him by his own attorney. But neither fraud nor incompetence is alleged. Why should we presume either? Should we not, on the contrary, presume that counsel will adequately advise his client as to the waiver of important rights and that he will be forthright and honest in his dealings with the court and opposing counsel?

Perhaps the majority is misled as to the import of counsel's letter because some words in the letter are the same as some words in the waiver. *Coleman* decided that such waivers, absent other evidence of knowingness, are invalid when challenged. But the statement in counsel's letter is not at all the same thing as a statement containing identical

words in a waiver signed by a layman. To begin with, the letter is written by an attorney, not a layman. Presumably an attorney knows what he is saying when he writes that his client has executed a knowing waiver. We have invalidated similar language in Rule 1100 waivers executed by laymen simply because there was nothing beyond the waiver form itself to indicate that the layman understood the nature of the waiver. *See Commonwealth v. Manley*, 491 Pa. at 468–469, 421 A.2d at 640. When an attorney, on the other hand, writes a letter to opposing counsel representing that his client has executed a knowing waiver, there is reason to believe that he means what he writes. A similar conclusory statement made by a layman in a waiver form, absent an explanation in that form of the nature of speedy trial rights, would be meaningless. In sum, none of the reasons to invalidate certain waivers justifies the majority's treatment of counsel's letter as a nullity.

Rather, because counsel requested the continuance in circumstances which might have been troublesome absent assurances that the waiver was knowing; because counsel can be presumed to competently advise his client concerning the release of important rights and to deal honestly and forthrightly with the court; because counsel's letter plainly states that there has been a knowing waiver, and counsel's letter should be construed in the context in which it was written; and because appellee does not allege that counsel was incompetent, but merely that the *form* of the waiver, standing alone, is inadequate to uphold the knowingness of the waiver, I would hold that counsel's letter constitutes additional evidence of appellee's knowing waiver and that this evidence in combination with the waiver form establishes by a preponderance of evidence that the waiver was knowing. I would, therefore, reverse the Order of the Superior Court, 269 Pa.Super. 1, 409 A.2d 33, and affirm the judgment of sentence.

KAUFFMAN, J., joins this dissenting opinion.