447 A.2d 1034

**COMMONWEALTH of Pennsylvania**

v.

**Joseph MOYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed July 9, 1982.

Lewis J. Bott, Assistant Public Defender, Hazleton, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that counsel was ineffective in: (1) failing to explain the nature and consequences of a rule 1100 waiver and in signing and advising him to sign such a waiver, and (2) failing to file a suppression motion. Because we cannot determine from the record whether these ineffectiveness claims have arguable merit, we remand for an evidentiary hearing.

Appellant pled guilty, on May 26, 1981, to possession of a controlled substance with intent to deliver. He was sentenced on July 1, 1981. After obtaining new counsel, he petitioned to withdraw the guilty plea nunc pro tunc, alleging, among other grounds, ineffectiveness of trial counsel.

416

Without a hearing, the lower court denied the petition. This appeal followed.

## I. Rule 1100

The Commonwealth filed the criminal complaint on September 24, 1980. In January 1981, before the rule 1100 run date, appellant and his counsel signed a waiver of rule 1100 rights, consenting to trial no later than June 24, 1981. Appellant's trial commenced May 26, 1981, within the time allowed by the waiver, but 244 days after the filing of the complaint.

 Appellant contends that counsel was ineffective in failing to explain the nature and consequences of a rule 1100 waiver and in signing and advising him to sign such a waiver. "[C]ounsel is deemed effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Because a violation of rule 1100 may result in "dismissing charges with prejudice," Pa.R.Crim.P. 1100(f), we must carefully scrutinize an attorney's advice to waive whatever rights a client may have under the rule. *See Commonwealth v. Dozier*, 258 Pa. Superior Ct. 367, 374, 392 A.2d 837, 841 (1978). A defendant may temporarily waive his rule 1100 rights, like the constitutional right to a speedy trial that it was designed to protect, by signing an appropriate statement explaining the nature of the rights he is waiving, "[s]o long as there is an indication, on the record, that the waiver is the [defendant's] informed and voluntary decision." *Commonwealth v. Myrick*, 468 Pa. 155, 160, 360 A.2d 598, 600 (1976). *Accord, Commonwealth v. Rodriquez*, 291 Pa. Superior Ct. 239, 435 A.2d 888 (1981). The signing of an appropriate waiver document is prima facie evidence that the waiver was informed and voluntary, *Commonwealth v. Myrick, supra,* and may alone establish the waiver when there is no other indication on the record that it was signed involuntarily or unknowingly, *Commonwealth v. Wilson*, 294 Pa. Superior Ct. 101, 439 A.2d 770 (1982); *Commonwealth v. Scott*, 272 Pa.

Superior Ct. 236, 414 A.2d 1095, 1097 (1979). Nevertheless, when the circumstances surrounding the waiver cast doubt on its voluntariness, the Commonwealth must offer more than the document itself to establish its validity. *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980). *Accord, Commonwealth v. Myrick, supra. See Commonwealth v. Rodriquez, supra* (colloquy). "Although an on-the-record colloquy is not necessary, we do require proof that the defendant understood the consequences of his act." *Commonwealth v. Manley, supra*, 491 Pa. at 469, 421 A.2d at 640. At the sentencing hearing, appellant testified that he had spent third through eleventh grade in special education, and as a result, could not read. He alleges that counsel never advised him of the nature of the rights he was waiving by signing the document. We cannot conclude on the present record whether appellant's waiver of his rule 1100 rights was knowing, intelligent, and voluntary. Similarly, we are unable to determine whether counsel had any reasonable basis in advising appellant to sign the waiver, and in signing it himself. Accordingly, we must remand this matter for an evidentiary hearing to determine the voluntariness of the waiver and counsel's effectiveness in supporting it.

## II. Suppression

Appellant contends that counsel was ineffective in failing to file a suppression motion. The facts of record, derived from a Commonwealth affidavit and appellant's testimony at the sentencing hearing, are as follows: At about 9:30 p. m. on September 24, 1980, an officer on foot patrol saw appellant recklessly backing an automobile. The officer recognized appellant and remembered from an earlier computer check that appellant did not have a valid driver's license. The officer summoned a police cruiser, stopped appellant, and requested him to produce a valid license or registration for the car. Appellant, who worked in an auto sales business, could not comply, but said the car belonged to a friend. A computer check revealed, however, that the car belonged to some other person. The officers then took

appellant to the police station. The police affidavit reported that, as he was being searched, appellant pulled some tissues from his pocket, blew his nose, and while throwing the tissues away dropped two plastic packets containing white powder. Appellant testified briefly at the sentencing hearing, however, that the packets fell from his pocket as the officers were pounding his head against a desktop. In either event, appellant then ran from the building, and was apprehended a half-block away. He was returned to a cell, required to remove his clothes, and while he was doing so, eight more plastic packets were found stuffed in a plastic container in his boot. The ten plastic packets were determined to contain methamphetamine and other controlled substances.

If we can "determine from the record that appellant's underlying suppression motion was completely without merit" we will not require an ineffectiveness hearing. *Commonwealth v. Fisher*, 243 Pa. Superior Ct. 128, 137, 364 A.2d 483, 488 (1976). Although the Commonwealth's affidavit on its face alleges sufficient facts to establish probable cause to justify each step of the search and seizure, appellant has asserted contrary facts and raised questions of credibility. For instance, he disputes what occurred on the street, thereby challenging the validity of the arrest, and alleges impermissible police conduct in conducting the search incident to the arrest. These factual issues cannot be resolved by an appellate court. Accordingly, we remand for an evidentiary hearing to determine if counsel was ineffective in failing to file a suppression motion.[1]

### III. Order

For the foregoing reasons, we vacate the judgment of sentence and remand for an evidentiary hearing to deter-

---

1. "There is ordinarily little tactical reason for not filing a motion to suppress." *Commonwealth v. Schroth*, 495 Pa. 561, 567, 435 A.2d 148, 150 (1981). Without an indication on the record that appellant's plea bargain, nol prosing three charges in exchange for the plea, was dependent on his not filing a suppression motion, we cannot conclude that counsel's failure to file the motion was reasonably designed to effectuate appellant's interests.

mine if counsel was ineffective in: (1) failing to explain the nature and consequences of a rule 1100 waiver and in signing and advising appellant to sign such a waiver, and (2) failing to file a suppression motion. If the lower court determines that counsel was ineffective in either respect, it shall conduct further proceedings as necessary and grant appropriate relief. If, however, counsel was not ineffective, or no relief is warranted, the judgment of sentence shall be reinstated. Following the lower court's decision, either party aggrieved may appeal as allowed by law. On that appeal, the party may also raise any issues presented but undecided in the instant appeal.[2] *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Jurisdiction is not retained by this court.

2. Appellant also contends that: (1) his guilty plea was not made knowingly, intelligently, and voluntarily; (2) counsel was ineffective in advising him to plead guilty; (3) his sentence was manifestly excessive; and (4) the lower court failed to give adequate reasons for the imposition of sentence.