J-A08029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY OLSZEWSKI | |
| Appellant | No. 1416 MDA 2014 |

Appeal from the Judgment of Sentence of June 3, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003040-2011

BEFORE: SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.: **FILED JUNE 15, 2015**

Jeffrey Olszewski appeals his June 3, 2014 judgment of sentence, which was imposed after a panel of this Court vacated one of Olszewski's convictions for driving under the influence of alcohol ("DUI") and remanded this case to the trial court for resentencing on a remaining DUI count. **See Commonwealth v. Olszewski**, No. 802 MDA 2012, slip op. at 1-2, 7 (Pa. Super. Dec. 20, 2012). After Olszewski was resentenced, he filed timely post-sentence motions, in which he challenged, *inter alia*, the sufficiency of the evidence to prove him guilty of the remaining DUI count. The learned trial court concluded that this issue already had been resolved in Olszewski's first appeal, and declined to review it a second time. For the reasons stated

_____

[*] Retired Senior Judge assigned to the Superior Court.

herein, we disagree with the trial court. Nonetheless, because a challenge to the sufficiency of the evidence is a question of law, we review Olszewski's sufficiency claim. Finding that claim to be unsuccessful, we affirm.

In Olszewski's initial appeal to this Court, we quoted the trial court's verbal recitation of the court's finding of facts as follows:

On July 2nd, 2011, shortly after midnight, Officer Michael Marshall was dispatched to an accident scene involving a motorcycle which was being operated by [Olszewski]. The officer came about the scene, noticed injuries to [Olszewski] and advised [Olszewski] that an ambulance was on its way. [Olszewski] said he would refuse medical treatment. The officer cancelled the ambulance. Thereafter, the officer noticed the more severe injuries to [Olszewski] and reordered the ambulance to take [Olszewski] from the scene for medical treatment. The delay in the arrival of the ambulance was caused by the initial refusal of [Olszewski] to accept medical treatment.

The officer noted a strong odor of intoxicating beverage on [Olszewski's] breath, [] and disoriented and confused behavior. [Olszewski] was transported to the Geisinger Wyoming Valley Hospital. The officer remained at the scene to clear the accident scene. [T]here were other officers available to the officer to assist in clearing the accident scene, however, the amount of time the officer spent at the accident scene was reasonable under the circumstances.

The officer proceeded to Geisinger Wyoming Valley Hospital and requested that [Olszewski] submit to a blood alcohol test and [Olszewski] agreed. The officer read Mr. Olszewski the so-called O'Connell Warnings and determined that Mr. Olszewski was unable to execute the form and indicated that the form could not be completed for that reason. The officer was reasonable in this regard given the medical treatment. The officer immediately requested that the blood be drawn for Mr. Olszewski, that the request was within the two hours required and [] within a reasonable time when which to have his request complied with – with the two hours. However, the necessity of medical treatment and the availability of a phlebotomist, which are not

within the control of the officer, delayed the test beyond the two hour time limit.

*Id.* at 3-4. The prior panel noted that Olszewski's blood eventually was drawn two hours and forty minutes after he operated the motorcycle. *Id.* at 4. Olszewski's blood alcohol content was reported as .198. *Id.* at 6.

Olszewski was charged with two counts of DUI: (1) DUI—highest rate of alcohol (75 Pa.C.S. § 3802(c)), and (2) DUI—general impairment (75 Pa.C.S. § 3802(a)). Olszewski also was charged with careless driving (75 Pa.C.S. § 3714) and driving without a valid motorcycle license (75 Pa.C.S. § 1512). Prior to trial, Olszewski filed a motion to suppress the results of the blood test, in which he argued that the results were inadmissible because the test was taken over two hours after he drove the motorcycle and because the Commonwealth could not demonstrate good cause for the delay. *See* 75 Pa.C.S. § 3802(g)(1).[1] The trial court denied the motion.

_____

[1] Section 3802(g) provides, in pertinent part, as follows:

Notwithstanding the provisions of subsection (a), (b), (c), (e), or (f), where alcohol or controlled substance concentration in an individual's blood or breath is an element of the offense, evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that the element of the offense under the following circumstances:

(1)  where the Commonwealth shows good cause explaining why the chemical test sample could not be obtained within two hours.

75 Pa.C.S. § 3802(g)(1).

Olszewski proceeded to a stipulated bench trial, after which the trial court found Olszewski guilty on both DUI counts and also on the count for driving without a valid motorcycle license. The trial court acquitted Olszewski of careless driving.

Olszewski was sentenced to twelve months' intermediate punishment, including ninety days of house arrest. Olszewski also was assessed fines and court costs. Olszewski then filed an appeal with this Court. In that appeal, Olszewski argued that the trial court erred in denying his suppression motion, and that the blood alcohol content evidence should have been ruled inadmissible. We agreed with him. Concluding that the blood draw occurred after two hours had elapsed from when he drove the motorcycle and that the Commonwealth could not demonstrate good cause for the delay, we vacated his DUI—highest rate of alcohol conviction, and remanded for resentencing on the DUI—general impairment and driving without a valid motorcycle license counts. **Olszewski**, *supra*, at 4-7.[2]

On June 3, 2014, the trial court resentenced Olszewski on the DUI—general impairment count to six months' intermediate punishment, thirty days of which were ordered to be served as house arrest. Olszewski also

---

[2] The Commonwealth filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. On March 5, 2014, that Court denied the petition. **Commonwealth v. Olszewski**, No. 591 MAL 2013 (Pa. March 5, 2014) (*per curiam*).

was ordered to pay fines and costs for the DUI—general impairment and driving without a valid motorcycle license convictions.

On June 13, 2014, Olszewski filed a post-sentence motion in which he argued that, without the blood alcohol content evidence that was suppressed by this Court, the evidence also was insufficient to convict him of DUI—general impairment. Olszewski maintained, *inter alia*, that the trial court, at least in part, relied upon the inadmissible evidence in rendering its verdict for DUI—general impairment. On July 23, 2014, the trial court denied the post-sentence motion. The court held that the arguments raised by Olszewski in his post-sentence motion were decided in his first appeal by this Court, or otherwise were waived because Olszewski did not raise those issues in his first appeal. **See** Memorandum and Order, 7/23/2014, at 1.

On August 21, 2014, Olszewski filed a notice of appeal. The trial court did not order, and Olszewski did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Moreover, the trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

Olszewski raises two questions for our consideration:

1. Whether, following the suppression of his blood alcohol test by the Superior Court, [Olszewski] was entitled to review by the trial court of the sufficiency of the remaining evidence to support his conviction for violating 75 Pa.C.S. § 3802(a)(1), and whether it was a violation of his due process rights for the trial court to fail to conduct such a review in denying his post-sentence motion?

2. Whether, following the suppression of his blood alcohol test by the Superior Court, sufficient other evidence remained in

the record to support [Olszewski's] conviction for violating 75 Pa.C.S. § 3802(a)(1) beyond a reasonable doubt?

Brief for Olszewski at 2.

As is evident from Olszewski's first stated issue, the initial inquiry that we must confront is whether the trial court erred in concluding that we had already resolved the issue. That is to say, was the issue Olszewski raised in his post-sentence motion addressed in his first appeal? Did Olszewski waive the issue by failing to raise it in the first appeal?

We agree with Olszewski, and we hold that the trial court erred in both instances. First, we decline to accept the trial court's assertion that Olszewski's sufficiency of the evidence challenge was decided by this Court in Olszewski's first appeal. We have reviewed our prior memorandum decision thoroughly.[3] Nowhere in that decision did the prior panel address the sufficiency of the evidence regarding the DUI—general impairment conviction, with or without the inadmissible evidence. The panel addressed only Olszewski's claim that the blood alcohol evidence was inadmissible.

Second, the trial court also incorrectly found that Olszewski did not raise the issue in the first appeal. As a general matter, after a remand from this Court, if a later appeal ensues, "[o]n that appeal, the party may also raise any issues presented but undecided in the instant appeal."

---

[3] A copy of the memorandum is in the certified record. Thus, we have no trouble concluding that the trial court had a copy of that memorandum when it concluded that this Court had ruled upon Olszewski's claim.

*Commonwealth v. Moyer*, 447 A.2d 1034, 1037 (Pa. Super. 1982) (citing

*Commonwealth v. Twiggs*, 331 A.2d 440 (Pa. 1975)). The

Commonwealth concedes that Olszewski raised his sufficiency claim in the

initial appeal. *See* Brief for Commonwealth at 6. Thus, the claim was

presented.[4] We simply did not rule upon that claim.

Nonetheless, even though we agree with Olszewski that the trial court

erred, he is not entitled to any form of relief for those errors. Challenges to

the sufficiency of the evidence are questions of law, subject to plenary

review. *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super.

2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citing *Commonwealth v.

Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007)). As such, even though

the trial court did not address the issue, our standard of review permits us

to review the claim, especially because both parties have addressed the

merits of the issue.

When reviewing a sufficiency challenge:

> we must determine whether, viewing the evidence in the light
> most favorable to the Commonwealth as verdict winner, together
> with all reasonable inferences therefrom, the trier of fact could

_____

[4] The Commonwealth contends that, because Olszewski's argument in the first appeal was short and unsupported by applicable case law, it should be deemed waived, and, therefore, not actually presented for purposes of this appeal. *See* Brief for Commonwealth at 6-8. We disagree. The above stated standard only requires that the argument be presented in the prior appeal. In this case, it was. That it may have been inadequately supported at that time does not change the fact that it was, in fact, presented in that appeal.

have found that each and every element of the crimes charged was established beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for the fact-finder. To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt. Lastly, the finder of fact may believe all, some or none of a witness's testimony.

**Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011) (citations omitted).

Olszewski was convicted of DUI—general impairment pursuant to 75 Pa.C.S. § 3802(a)(1), which provides as follows:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). "[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009). In **Segida**, the Pennsylvania Supreme Court explained the types of evidence that may be offered by the Commonwealth to prove a person guilty under subsection 3802(a)(1):

- 8 -

Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving. . . . The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Id.* at 879.

Instantly, we must consider whether the evidence could enable the fact finder to convict Olszewski of DUI—general impairment. Olszewski's principal argument is that the evidence for DUI—general impairment is insufficient without the blood alcohol content evidence. Olszewski apparently believes that our holding in the prior appeal extended to his conviction for DUI—general impairment. However, as our Supreme Court noted in **Segida**, "the two hour time limit for measuring blood alcohol level does not apply" to DUI—general impairment cases. *Id.* In other words, the

- 9 -

two-hour time limit that we found to have been violated in Olszewski's prior appeal only applied to his DUI—highest rate of alcohol conviction. Thus, Olszewski's belief that the evidence should be evaluated for sufficiency purposes as to his DUI—general impairment conviction without the blood alcohol evidence is incorrect.

Even though we are not required to ignore the blood alcohol content evidence, we nonetheless conclude that the evidence was sufficient to sustain his DUI—general impairment conviction even without that evidence. The remaining evidence, viewed in the light most favorable to the Commonwealth, is as follows. On July 2, 2011, at approximately 12:07 a.m., Officer Marshall responded to a motorcycle accident on Crestwood Road in Luzerne County. When he arrived, he observed Olszewski standing near a rolled over motorcycle. Olszewski had one shoe on and one shoe off at the time, and was bleeding from his nose. Olszewski admitted to driving the motorcycle at the time of the accident. Olszewski stated that, while driving, he had veered off the road for some unknown reason. While Officer Marshall was talking to Olszewski, he noticed blood draining from Olszewski's leg and saturating his sock.

While talking to Olszewski, Officer Marshall detected a strong odor of alcohol coming from Olszewski. The officer also noted that Olszewski had glassy eyes and acted very confused about what had occurred. Officer Marshall declined to subject Olszewski to field sobriety tests due to the injury to his leg and the confusion Olszewski was exhibiting. Having made

over two hundred DUI arrests in his career, Officer Marshall opined that Olszewski was unable to safely operate a motor vehicle.

Olszewski focuses his argument upon the facts that Officer Marshall did not testify that Olszewski was unsteady or unstable on his feet, and that Officer Marshall did not observe Olszewski slurring his speech in any way. These facts, in addition to the absence of field sobriety tests, demonstrate the insufficiency of the evidence, according to Olszewski. We readily acknowledge that the evidence in this case is not overwhelming. Olszewski correctly points out that some of the traditional elements of a DUI prosecution, *i.e.* slurred speech and field sobriety tests, are absent in this case. However, as alluded to in **Segida**, there is no checklist of facts that the Commonwealth must complete to prove someone guilty of DUI—general impairment. Rather, we must assess the totality of the circumstances, and the various points of proof that were in fact offered by the Commonwealth, and view that quantum of evidence in the light most favorable to the Commonwealth. Having done so, and even if we give no attention whatsoever to the blood alcohol content evidence, we conclude that the evidence was sufficient to enable a fact finder to convict Olszewski of DUI—general impairment. The evidence demonstrates that, after having consumed an alcoholic beverage, Olszewski drove the motorcycle. He admitted not only to driving the motorcycle, but also to driving it off the road, although he could not state that what caused him to drive off the road. These facts, combined with his glassy eyes and confusion, were sufficient to

- 11 -

enable a fact finder to conclude that Olszewski drove the motorcycle after imbibing alcohol and that the consumption of alcohol rendered him incapable of safely operating the motorcycle. Consequently, the evidence was sufficient to prove him guilty of DUI—general impairment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015