410 A.2d 316

**COMMONWEALTH of Pennsylvania**

v.

**David ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1977.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Granted Jan. 10, 1980.

---

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Richard G. Freeman, Assistant Public Defender, Philadelphia, for appellant.

Eric Henson, Assistant District Attorney, Assistant Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

Appellant, David Robinson, was convicted of robbery,[1] rape,[2] burglary,[3] assault,[4] and possession of an instrument of a crime.[5] Post-trial motions were argued and denied. Appellant was sentenced to a total of 42½ to 85 years in prison. The only issue we need address on this appeal is whether appellant was denied his right to a speedy trial in violation of Pa.R.Crim.P. 1100(a)(2).[6] We reverse the order of the lower court.

1. 18 Pa.C.S. § 3921.

2. 18 Pa.C.S. § 3121.

3. 18 Pa.C.S. § 3502.

4. 18 Pa.C.S. § 2701.

5. 18 Pa.C.S. § 907.

6. Pa.R.Crim.P. 1100(a)(2) provides:

The criminal complaint was filed against appellant on October 26, 1974. Under Rule 1100, the Commonwealth was required to bring appellant to trial within 180 days or by April 24, 1975. Appellant's trial did not commence until July 17, 1975 which was 264 days after the criminal complaint was lodged. Prior to trial, counsel for appellant filed a petition to dismiss pursuant to Pa.R.Crim.P. 1100(f)[7] which was denied. The Commonwealth failed, at any time, to file for an extension of time pursuant to Pa.R.Crim.P. 1100(c)[8].

In Rule 1100 cases, all periods of delay beyond the 180 day period

" '. . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of rules [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), quoting *Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976).

"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

7. Pa.R.Crim.P. 1100((f) provides:
    "(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

8. Pa.R.Crim.P. 1100(c) provides:
    "(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Since the Commonwealth did not apply for an extension, "it was obliged to establish by a preponderance of the evidence that [83] days should have been excluded from the computation of the permissible time pursuant to section (d) [9] *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977)." *Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977). Since the Commonwealth did not file a brief in the instant appeal, a practice which we cannot continue to accept under any circumstances,[10] we must look to the opinion of the lower court and the record before us to determine whether the 83 days are excludable.

■ In our review, the first period we address is from April 15, 1975 to May 23, 1975. On April 15, appellant requested a continuance until May 23, 1975, a period of 38 days. The continuance was granted and appellant and his counsel signed a waiver of appellant's Rule 1100 rights during that time. Both the lower court opinion and appellant's brief indicate that appellant should only be accountable for eight days of the 38 day extension pursuant to 1100(d)(2) which allows a 30 day grace period for continuances granted to the defense in excess of 30 days. However, our case law has held that when a continuance is coupled by a signed and valid waiver of Rule 1100 rights, all the days involved in the continuance are excludable from the computation of the period. *Commonwealth v. Jones,* 250 Pa.Super. 98, 104, 378 A.2d 471, 474 (1977). Hence, 38 days are excluded under the Rule.

On May 23, 1975, appellant again requested a continuance. The record reflects that appellant signed a short statement which read: "Deft. Waives Rule 1100." Additional parts of

**9.** Pa.R.Crim.P. 1100(d) provides:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;"

**10.** *See* Pa.R.App.P. 2112 (1978).

the record show that the case was continued from May 23, 1975 to June 30, 1975, with the notation that defendant had waived his Rule 1100 rights during that period. On June 30, 1975, both parties reported ready but no courtroom was available. No further proceedings occurred until July 16, 1975 when defense counsel filed his petition to dismiss since the Rule 1100 period had expired. The petition was denied and the trial began on July 17.

Appellant argues that his waiver on May 23, 1975 was only for the 38 day period until June 30. The opinion of the lower court construed this waiver as an unconditional one with no time limits. Although the signed waiver appears to be as the trial judge states, the docket entry that shows the case was continued until June 30 contradicts that conclusion. Our Supreme Court quoted the Superior Court majority in *Commonwealth v. Coleman*, 241 Pa.Super. 450, 454–55, n. 1, 361 A.2d 870 in saying:

" '*The court's failure to specify a date certain* . . . *cannot operate to deprive appellant of his Rule 1100 rights. It is just as likely as not that appellant wanted a continuance for no more than thirty days.* . . .' " Emphasis added in *Commonwealth v. Coleman*, 477 Pa. 400, 405–506, 383 A.2d 1268, 1271 (1978).

When applying this rule to the case before us, we cannot conclude that appellant waived his Rule 1100 rights indefinitely. The judge's failure to mark a definite date on one docket entry but mark a date certain on another entry evidences the confusion this type of waiver creates in Rule 1100 cases. Absent convincing arguments that the waiver was indefinite and that the waiver met all the requirements for validity and voluntariness, *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), we can only hold appellant waived Rule 1100 until June 30 as reflected on the docket entry. This would make 38 more days excludable from the rule's computation which gave the Commonwealth a period of 256 days in which to bring appellant to trial. Since trial did not begin until 264 days after the complaint was filed against appellant, Rule 1100 was violated and the lower court erred in denying appellant's petition to dismiss.

Accordingly, judgment of sentence is vacated and appellant is discharged.

VAN der VOORT, J., dissents.

JACOBS, J., did not participate in the consideration of this case.