437 A.2d 54

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Derek GREEN.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Nov. 13, 1981.

Petition for Allowance of Appeal Granted Jan. 14, 1982.

300

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Donald M. Moser, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

BROSKY, Judge:

Derek Green was convicted by a jury of burglary and robbery on April 15, 1977. Green then filed post-verdict motions included in which he asserted that his "waiver of [Pennsylvania Rule of Criminal Procedure 1100] without an exact and precise rule extension date is a violation of [the Rule]. . ." A motion in arrest of judgment was granted. The Commonwealth appeals.

Green was arrested on January 5, 1974. At that time, Rule 1100 stated that trial should commence 270 days later, or, in this case, on or before October 2, 1974. On August 14, 1974, Green waived Rule 1100. The Commonwealth states that he waived it indefinitely. Green states it was only waived until September 23, 1974, the date the trial court set for trial. On March 24, 1977, Green filed a petition to dismiss pursuant to Rule 1100(f). The petition was denied.

Trial commenced on April 14, 1977, 1195 days after Green was arrested.

In *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980), our Supreme Court said:

It is clear that "Rule 1100, like the right to a speedy trial which it protects may be waived." *Commonwealth v. Myrick*, [468 Pa. 155, 159, 360 A.2d 598, 600 (1976)]. The Commonwealth must prove the validity of the waiver, however, by showing that it was the product of an informed and voluntary decision. Id., *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978). On this record, we cannot conclude that the December 9 waiver evidences an *intelligent* decision by appellant to waive his Rule 1100 rights *in toto*. As in *Commonwealth v. Coleman*, supra, the statement signed by appellant contains no indication that he understood the notice and scope of the right which he was waiving. [footnote omitted] Although an on-the-record colloquy is not necessary, we do require proof that the defendant understood the consequences of his act.

Id., 491 Pa. at 468, 421 A.2d at 640.

■ The waiver in the instant case is evidenced by a form providing only that Rule 1100 is waived and by an on-the-record colloquy. The form contains absolutely no information indicating that the appellee "understood the nature and scope of the right which he was waiving." Id. There is also an on-the-record colloquy which provides additional information regarding Green's understanding of the waiver. The record discloses the following exchange between the trial court and the appellee during the colloquy:

Q. Do you understand that these cases must be tried by the Commonwealth within 270 days? Do you understand that?

A. Yes, sir.

Q. And do you understand that period will end around October 2nd of this year?

A. Yes, sir.

Q. Are you willing to waive that right to have these cases tried within the 270 days?

A. Yes.

Q. Is it further your desire to have this waived because you want to have your outstanding homicide disposed of first.

A. Yes.

Then in an exchange between appellee's attorney, Moser, the Commonwealth's attorney, Murray, and the court which immediately followed the colloquy, the record indicates as follows:

The Court: When is that homicide case listed for trial, do you know?

Mr. Murray: I don't know that it has a date.

Mr. Moser: Mr. Green says sometime in September.

The Defendant: After Labor Day.

Mr. Moser: I know the motions have been disposed of in his homicide case.

The Court: I am going to fix a trial date in these cases of September 23.

The trial court relied in substantial part on our decision in *Commonwealth v. Robinson*, 269 Pa.Super. 398, 410 A.2d 316 (1979), in reaching its decision. We stated:

Appellant argues that his waiver on May 23, 1975 was only for the 38 day period until June 30. The opinion of the lower court construed this waiver as an unconditional one with no time limits. Although the signed waiver appears to be as the trial judge states, the docket entry that shows the case was continued until June 30 contradicts that conclusion. Our Supreme Court quoted the Superior Court majority in *Commonwealth v. Coleman*, 241 Pa.Super. 450, 454–55, n.1, 361 A.2d 870 in saying:

"The court's failure to specify a date certain . . . cannot operate to deprive appellant of his Rule 1100 rights. It is just as likely as not that appellant wanted a continuance for no more than thirty days. . ." Emphasis added in *Commonwealth v. Coleman*, 477 Pa. 400, 405–406, 383 A.2d 1268, 1271 (1978).

When applying this rule to the case before us, we cannot conclude that appellant waived his Rule 1100 rights indefinitely. The judge's failure to make a definite date on one docket entry but mark a date certain on another entry evidences the confusion this type of waiver creates in Rule 1100 cases. Absent convincing arguments that the waiver met all the requirements for validity and voluntariness, *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 498 (1976), one can only hold appellant waived Rule 1100 until June 30 as reflected on the docket entry.

The Commonwealth contends that the trial date was only set after Green's indefinite waiver was accepted and furthermore, that the indefinite waiver is not prohibited by *Commonwealth v. Coleman*, supra, because we cannot apply that decision retroactively. We agree. The Rule 110 waiver colloquy clearly states:

Q. Are you willing to waive that right to have these cases tried within the 270 days?

A. Yes.

Q. *Is it further your desire to have this waived because you want to have your outstanding homicide disposed of first?*

A. *Yes.*

(Emphasis added.) We are satisfied that the waiver was motivated by a desire to have the homicide case disposed of first. The record also indicates that Green had certain expectations as to when that proceeding would be "disposed of."

Nevertheless, the record indicates that the appellee had not viewed September 23, 1974 as a date certain until he brought this appeal. His petition to dismiss under Rule 1100 states:

3. That on August 14, 1974, the Defendant waived the 270 day Rule in reference to his outstanding robbery and related charges.

4. That at the time of his waiver of the 270 day Rule an exact and precise extension date was not set.

5.  That the failure to set an exact and precise extension date is a violation of Pennsylvania Rule of Criminal Procedure 1100(c) and therefore the defendant must be discharged since an unreasonable period of time has passed.

6.  That although the Defendant waived his rights under Rule 1100, an exact and precise date should have been set since the failure to set a date also violates the Defendant's due process rights and also his right to a fair and speedy trial.

And at the hearing on the petition appellee's counsel stated:

THE COURT: He waived the 270 day Rule; is that right?

MR. MOSER: That is correct, August 14 of 1974, without a date certain. It was an open-ended waiver.

THE COURT: What is the status of the case now?

MR. HENRY: Status of the case is it's in Judge Goldman's room.

MR. MOSER: At the end of the week I believe. If I may read you—I don't know which docket this is.

THE COURT: Are all these cases going to be tried together.

.  .  .  .  .

THE COURT: What is your motion?

MR. MOSER: I ask for dismissal. I also cited—I don't know if I cite it in there, Commonwealth versus the Mayfield Case. Perhaps Your Honor would like to review it from the Supreme Court. It was filed October 8, 1976 where they speak about the fact that you cannot circumvent the Rule. That if you in fact waive Rule 1100 a date certain must be set, as provided by Rule 1100–c. They also talk about—I am sure the District Attorney is going to say—defendant can waive any rights. But the Court also speaks about the fact that the public has an interest in having these cases disposed of.

The record also discloses that September 23, 1974 was the date at which appellee's various criminal cases were in part consolidated. It was not a date at which trial was to commence. Thus, it is apparent to us that the waiver into which appellee entered was for an indefinite period of time.

■ In *Commonwealth v. Coleman,* supra, our Supreme Court said:

We agree with Judge Hoffman's position, and in the future we will require that continuances be granted for a specified time to put an end to this troublesome problem.

The Commonwealth argues that refusing to adopt the trial court's position would force all prosecutors to challenge any defense requests for a continuance. By requiring trial courts to set a specified time for any continuance, however, the Commonwealth will be able to accurately compute the time as required by Rule 1100.

Id., 477 Pa. at 406, 383 A.2d at 1271. (Applied specifically to waivers in *Commonwealth v. Robinson,* supra.) Thus, because the court stated its Rule was prospective only, we are obliged to rule that the waiver was not defective simply because no specific date was set. We are also satisfied that the waiver was entered into voluntarily and knowingly. Therefore, it was effective. *Commonwealth v. Manley, supra.* In turn the effective waiver of Rule 1100 was for an indefinite period of time.[1]

Next the Commonwealth asks whether constitutional colloquy requirements should be applied to Rule 1100 waivers. This issue was discussed in *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976), where our Supreme Court said:

Rule 1100 is a rule of criminal procedure designed to implement and protect a defendant's constitutional right to a speedy trial. Its particular terms, however, are neither directly granted by nor required by the Constitution. Nevertheless, the basic requirements for making a valid waiver of constitutional rights, as outlined above, are instructive in our consideration of the validity of a claimed waiver of the protections of rule 1100. Thus a

---

1. A review of the record indicates that the case was delayed by the unavailability of courtrooms, unavailability of codefendant's counsel and the availability of the appellee at various times. While we do not specifically hold that these delays would have been excludable from the Rule 1100 period, it is apparent to us that there appears to be ample justifiable cause for the delay. Nevertheless, appellee has not argued that any of this delay was impermissible. We do not decide anything in this regard.

waiver which would be formally adequate to waive a constitutional right would, *a fortiori*, be sufficient under the Federal Constitution to waive the protection of Rule 1100. In this case the record contains not only an on-record colloquy but also a statement signed by the defendant and endorsed upon the indictment indicating the defendant's willingness that trial time be extended. Thus the Commonwealth's claim that appellant waived the protection of rule 1100 is formally valid, for either the colloquy or the signed statement would by themselves be sufficient record indication that the waiver was, prima facie, informed and voluntary.

Id., 468 Pa. at 161, 360 A.2d at 600–601.

Our Supreme Court has discussed the burden of proof the Commonwealth must meet in *Commonwealth v. Coleman,* where the court said:

In *Commonwealth v. Mamon,* 449 Pa. 249, 256, 297 A.2d 471, 475 (1972), we stated: "Merely signing a consent form prepared prior to interrogation will not usually suffice to prove a valid waiver." While *Mamon* was concerned with Fourth and Fifth Amendment Rights, we believe the same principle is applicable in the instant case. Regarding any rights guaranteed by either the United States Constitution or the Pennsylvania Constitution, for a waiver of those rights to be valid, the Commonwealth must prove by a preponderance of the evidence that the alleged waiver was intelligently made. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Before finding a valid waiver, we must be convinced that an accused knows the nature of the constitutional rights involved. *Commonwealth v. Jones,* 457 Pa. 423, 322 A.2d 119 (1974). The form signed by appellee offers no explanation of what the right to speedy trial involves and we thus refuse to find a waiver on the basis of this form. [Footnote omitted]

Id., 477 Pa. at 407, 383 A.2d at 1271. It appears clear to us that our Supreme Court has stated what is required of a Rule 1100 waiver. While the decision in *Commonwealth v. Coleman,* supra, is not applicable to this case, to the extent

that it discusses waiver forms which lack specific dates to which a case is continued, we believe that the burden upon the Commonwealth is clearly stated in *Commonwealth v. Coleman,* supra.

We hold that the waiver in the instant case was voluntarily and knowingly entered into, as evidenced by the full colloquy between the appellee and the court. We hold the waiver was constitutionally valid. Accordingly, the decision of the trial court is reversed. We remand to the trial court for the reinstatement of appellee's sentence.