## Commonwealth v. McLaughlin

*Oliver Mattas*, for Commonwealth.
*John Woodcock,* for defendant.

CHERRY, *S.J.*, March 29, 1983—The above-mentioned defendant originally pled guilty to a charge of murder in the second degree on March 20, 1975. He was thereafter sentenced to a period of incarceration, the minimum of which was ten years and the maximum of which was 20 years, together with a fine and the costs of the prosecution.

Defendant subsequently lodged an appeal therefrom with the Superior Court, and on December 9, 1976, the case was remanded to this court for a new trial. Whereupon defendant was convicted after trial by jury on or about February 12, 1977, of murder in the second degree.

Another appeal was taken to the Superior Court, and the case was again remanded to this court for another new trial on May 30, 1979. Several petitions for extension of time for the commencment of trial filed on behalf of the Commonwealth were granted by this court; and finally on March 15, 1980, a hearing was held whereat counsel for defendant, the Public Defender's Office of Clearfield County, was

permitted to withdraw as counsel under the then existing Commonwealth v. Miller conflict of interest doctrine. (See: Commonwealth v. Miller, 281 Pa. Super. 392, 422 A.2d 525 (1980), for reconsidered decision.)

Because of this withdrawal of counsel, the court advised defendant on the record that there would necessarily be a delay in obtaining new counsel for him, which duty was assumed by Richard H. Milgrub, Esq., Chief Public Defender of Clearfield County, and further that any such delay in obtaining new counsel or allowing new counsel adequate time to prepare would be attributable to him, defendant, and not to the Commonwealth for Rule 1100 speedy trial purposes, to which defendant indicated his understanding and acquiescence. No further petitions for extension of time were ever filed by the Commonwealth; and the case proceeded to trial on or about December 2, 1980, with defendant being represented by the Blair County Public Defender's Office. At the trial, defendant was once again convicted of murder in the second degree.

The matter is now before this court on defendant's post-trial motions in arrest of judgment and for new trial. Several issues are raised by said motions, but because this court agrees that defendant must be discharged under Rule 1100, only that issue shall be considered herein.

As indicated hereinabove, defendant agreed at the hearing held on March 15, 1980, to waive any complaint he might otherwise have under Rule 1100 for any delay from that date until such time as his newly appointed counsel indicated his readiness for trial. However, even assuming that this waiver was done knowingly, intelligently and voluntarily, this court is constrained to hold that it is neverthe-

less defective in that no extension of time was sought or granted.

At the time that this case was being brought to trial, Rule 1100(d) provided in part:

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(2) any constinuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded . . ."

Because of this provision, a problem arose when a continuance was granted at the request of defendant in determining when the applicable Rule 1100 period began running again. This precise problem arose in Commonwealth v. Coleman, 477 Pa. 400, 383 A.2d 1268 (1978), in which case the Supreme Court adopted the opinion of Judge Hoffman, speaking for the Superior Court, as follows:

" 'The Rule 1100 problem created in the instant case could have been avoided by the expedient of granting a continuance for a specified period of time. If a continuance is granted for an indefinite period, as in the instant case, it is impossible to tell whether it is for thirty days or for more than thirty days. *The court's failure to specify a date certain, however, cannot operate to deprive appellant of his Rule 1100 rights. It is just as likely as not that appellant wanted a continuance for no more than thirty days. . . .*' "[1] (Emphasis added by Supreme Court.) Id., 477 Pa., at 405, 406.

---

1. The ostensible reason for such being that under the rule, the first 30 days of a defense requested continuance were not excluded from the computation of the Rule 1100 period for a speedy trial, but rather the rule continued to run during that time.

To put an end to this problem, the Supreme Court went on to state that ". . . in the future we will *require* that continuances be granted for a specified time . . ." (Emphasis added.) Id., 477 Pa., at 406.

Since the time of the Coleman decision, the Superior Court has considered the rule enunciated there several times (see, e.g.: Commonwealth v. Robinson, 269 Pa. Super. 398, 410 A.2d 316 (1979); Commonwealth v. Green, 292 Pa. Super. 299, 437 A.2d 54 (1981); Commonwealth v. Machi, 294 Pa. Super. 338, 439 A.2d 1230 (1982); and Commonwealth v. Hensley, 295 Pa. Super. 225, 441 A.2d 431 (1982)), and has applied the rule specifically to waivers of Rule 1100 as well as to requested continuances. Commonwealth v. Robinson, op. cit.

Applying those cases to the instant facts, this court must hold that any purported waiver of Rule 1100 rights by defendant here, without further request for and grant of extension was legally ineffective, since no date was set certain for the expiration of the waiver. The Commonwealth would argue that the on-the-record colloquy conducted by the court and defendant's then counsel on March 15, 1980, advising defendant of his rights, and explaining to him that there would necessarily be some delay in obtaining new counsel and giving him adequate time to prepare, and further advising him that any such delay would be attributable to him and not to the Commonwealth for Rule 1100 purposes, cured any defect for not setting a date certain for the expiration of the waiver just as the colloquy conducted in Commonwealth v. Hensley, op. cit., cured a similar defect there. However, as the court noted there:

"Although this waiver was defective because it failed to state the period of the continuance, Commonwealth v. Coleman, 477 Pa. 400, 383 A.2d 1268 (1978), *this defect was cured when the court ad-*

*vised appellant on the record of his right under Rule 1100 to a speedy trial, and appellant agreed to a trial date during the first week of July.*" (Emphasis added.) Id., 295 Pa. Super., at 228.

In Hensley, then, a date was set, which date was deemed certain enough to cure an otherwise defective waiver of Rule 1100 when that date was coupled with advice as to defendant's right to a speedy trial. Here the only date set for the expiration of the waiver was when defendant's newly appointed counsel indicated his readiness to proceed to trial. It is the opinion of this court that such a date is wholly too uncertain and indefinite to be able to cure the defective waiver even though the rest of the colloquy was sufficient to advise defendant of his rights under Rule 1100.

The Commonwealth would also argue, even assuming a defective waiver of Rule 1100 rights, that the period from March 15, 1980, until defendant's present counsel indicated his readiness for trial should nevertheless also be excluded from the computation of the Rule 1100 time period for the commencement of trial, because during that time defendant was unavailable for trial as he was unrepresented by counsel. See: Pa.R.Crim.P. 1100(d)(1). However, while defendant was unavailable for that reason during some of that time, he cannot be said to have been unavailable the entire time from March 15 until December 1, 1980. In Commonwealth v. Manley, 282 Pa. Super. 376, 422 A.2d 1340 (1980), a similar situation arose when the defendant there appeared for trial without counsel on May 30, and the case was continued so that counsel could be obtained for him. The Public Defender thereafter entered his appearance on behalf of defendant on September 1. Under those circumstances, the court held that defendant's ". . .

unavailability for trial lasted no longer than a day or two, the time needed by the court to appoint the public defender." Commonwealth v. Manley, ibid., 282 Pa. Super., at 383. That time, therefore, from a day or two after May 30 until September 1 was charged against the Commonwealth, and not against defendant. Accordingly, defendant was ordered discharged.

Here, just as in Manley, no public defender or other counsel was promptly appointed by this court after defendant's original counsel was permitted to withdraw on March 15, 1980. In fact, the earliest date ever indicated that counsel had been appointed was the second week of June, 1980, although no formal entry of appearance by counsel was ever entered on the docket. Even assuming that counsel was appointed during the second week of June, Manley holds that defendant cannot be considered unavailable for trial for that entire three month period from March 15 until June, which time is patently more than necessary for the appointment of counsel. The delay in appointing counsel, therefore, without request for and grant of extension must be considered not automatically excluded from the Rule 1100 time period for the commencement of trial. As the courts have noted:

"Judicial delay must justify the granting of an application for extension of time when filed promptly and a showing of due diligence is made by the Commonwealth. Otherwise judicial delay does not constitute a basis for an exclusion from the compilation of the 180 days in which to commence trial." Commonwealth v. Ellison, 249 Pa. Super. 339, 378, A.2d 325 (1977). See also: Commonwealth v. Shelton, 469 Pa. 8, 364 A.2d 694 (1976).

While judicial delay may, therefore, be a sufficient reason to grant the Commonwealth an exten-

sion of time under Rule 1100(c) for the commencement of trial, a petition alleging such delay must be timely filed, which the Commonwealth failed to do in this case. In fact, no petitions for extensions of time were ever filed on behalf of the Commonwealth at any time after March 15, 1980.

In summary, then, and in determining the Rule 1100 time frame to the instant case, the facts and legal consequences are as follows: A new trial being granted defendant by the Superior Court on May 30, 1979, the expiration of the original 120 days for a new trial (See Pa.R.Crim.P. 1100(e)(2)) would have occurred on or about September 27, 1979. However, petitions for extension of time were filed on behalf of the Commonwealth and were granted by this court beginning on September 18, 1979, which petitions covered the period through March 15, 1980. On March 15, 1980, defendant's counsel was permitted to withdraw. Consequently, for a short period thereafter, i.e., a period of time reasonably necessary for the court to appoint new counsel (See: Manley, op. cit.), defendant was unavailable for trial, which time is therefore also excludable from the computation of the Rule 1100 time period according to section (d)(1) of said rule. At the expiration of that short period of time (which must have occurred some time prior to the first appearance of new counsel for defendant some three months later), Rule 1100 began to run against the Commonwealth once again since the purported waiver by defendant on March 15, 1980, was legally ineffective as discussed hereinabove and since no further petitions for extension of time were filed on behalf of the Commonwealth after that date. The time for the commencement of trial, therefore, expired sometime in the interval between March 15, 1980, and the second week of June, 1980. Despite the fact

that there may have been some judicial delay during that time, the Commonwealth filed no petitions for extension of time and thereby failed to prosecute or otherwise demonstrate due diligence on its part. The mere fact of judicial delay does not automatically absolve the Commonwealth of the duty to diligently pursue the prosecution of the case.

Wherefore, the court enters the following

## ORDER

Now, this March 29, 1983, upon consideration of defendant's post-trial motion in arrest of judgment, it is the order of this court that defendant above-named be and is hereby discharged in accordance with the court's opinion filed herewith.