469 A.2d 552

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Derek GREEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 28, 1983.

Decided Dec. 30, 1983.

Donald M. Moser, Philadelphia (court appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Eric B. Henson, Deputy Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-
TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On April 15, 1977, Derek Green was convicted by a jury of the burglary and robbery at the Sylvester Smith family home in Philadelphia. Prior to trial and again in post-trial motions, appellant challenged his conviction on the basis of an alleged violation of Pa.R.Crim.P. 1100(a)(1).[1] Appellant prevailed, and the trial court ultimately discharged appellant on the basis of a violation of that speedy trial provision. On appeal by the Commonwealth, a panel of Superior Court, 292 Pa.Super. 299, 437 A.2d 54, (Spaeth, Brosky and Hoffman, JJ.) reversed, and held that appellant had voluntarily and knowingly waived his right to trial within 270 days for an indefinite period of time. We granted Green's petition for allowance of appeal and affirm.

The complaint was filed on January 5, 1974. Pa.R. Crim.P. 1100(a)(1) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." Thus, pursuant to Rule 1100(a)(1), absent any time excludable as provided in Rule 1100(c, d), the last day for trial to commence would have been October 2, 1974.

■ On August 14, 1974, appellant appeared with counsel in open court and waived his right to be tried as provided in Rule 1100. At that time, defense counsel engaged appellant in a colloquy as follows:

BY [Defense Counsel]:

Q. Mr. Green, speak to His Honor. How old are you?

A. 20.

Q. How far did you go in school?

[1] Appellant has not alleged and, thus, we make no comment on whether his *constitutional right* to a speedy trial was abridged.

A. Tenth grade.

Q. Do you read and write the English language?

A. Yes, sir.

Q. Do you realize you are here today on these four outstanding robbery charges?

A. (Indicating.)

THE COURT: Don't nod your head. You have to answer yes or no for the record.

A. Yes, sir.

Q. Are you presently under the influence of any drugs or alcohol?

A. No.

Q. Do you physically feel well today?

A. Yes, sir.

Q. Do you understand that these cases must be tried by the Commonwealth within 270 days? Do you understand that?

A. Yes, sir.

Q. And do you understand that that period will end around October 2nd of this year?

A. Yes, sir.

Q. 1974?

A. Yes, sir.

Q. Are you willing to waive that right to have those cases tried within the 270 days?

A. Yes.

Q. Is it further your desire to have this waived because you want to have your outstanding homicide disposed of first?

A. Yes.

THE COURT: Any questions?

[Assistant District Attorney]: I have no questions.

BY THE COURT:

Q. Have you understood everything that has been said to you?

A. Yes, sir.

Q. Do you have any questions?

A. No, sir.

THE COURT: Let the defendant execute the waiver. Appellant then executed the following: "The defendant waives the '270 day' rule in this case—1974 Jan. 1671 to 1678." The waiver document was also signed by defense counsel and the court.[2] There are no formal requirements for a valid waiver of Rule 1100, thus, where the record discloses that the waiver is the informed and voluntary act of the accused the waiver is accorded prima facie validity. *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981). Instantly, such is the case.

Appellant himself has not asserted his waiver was invalid as involuntary or unknowing; rather, appellant attacked his waiver in the trial court on the ground that it was void for being indefinite, as it lacked an exact and precise extension date. Appellant's expressed intent on August 14, 1974 was to waive Rule 1100 so that an outstanding homicide charge could be disposed of first. Apparently "disposed of" meant more than simply completion of the trial on the homicide charge, for the record reveals that the trial on the charges stemming from the burglary was continued again, by agreement of the prosecution and defense, in January 1976, until disposition of the post-trial motions on the homicide. As the time when the homicide charge would be "disposed of" was obviously *unknown* and *unknowable* at the time appellant executed the waiver, it is apparent appellant must have intended to waive Rule 1100 for an indefinite period of time.[3]

Although the trial court's reliance on *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978) (plurality opinion) was misplaced, it accurately stated that the docket

**2.** At the time appellant executed the waiver, the court set a trial date for September 23; however, as he was then in court on another matter, appellant's trial was continued on September 23.

**3.** This conclusion is buttressed not only by appellant's attack on his waiver in his petition to dismiss that "failure to set an exact and precise extension date is a violation of Pennsylvania Rule of Criminal Procedure 1100(c)," but also by his attorney's assertion at the hearing on the petition that "It was an open-ended waiver."

entries do not clearly indicate the precise amount of time during each continuance which is attributable to appellant. While we are not prepared to agree it is *"manifestly clear that fewer than 100 days are chargeable to the [appellant],"* as stated by the trial court, it seems safe to conclude that where, as here, more than three years elapsed before appellant was brought to trial and there was no Commonwealth petition for an extension, appellant would, in all probability, be entitled to a discharge but for his waiver of Rule 1100 for an indefinite time.

■ On the record before us, we hold appellant executed a voluntary and informed waiver of Rule 1100 for an indefinite period of time, and that waiver was a valid one; thus, he is not entitled to a discharge pursuant to Pa.R. Crim.P. 1100(f).

Order of the Superior Court is affirmed.

ZAPPALA, J., files a dissenting opinion in which ROBERTS, C.J., joins.

ZAPPALA, Justice, dissenting.

I must dissent from the majority's opinion today refusing to discharge the appellant under Rule 1100(f).

On January 5, 1974, the Appellant was arrested and charged with a robbery and burglary occurring on January 4, 1974. At the time of Appellant's arrest, the trial run date for purposes of Rule 1100 [1] was set at October 2, 1974. On August 14, 1974, in a formal court proceeding, the Appellant waived Rule 1100. In dispute, is whether the Appellant waived his right to a speedy trial indefinitely. The trial court held that the Appellant waived his right to a speedy trial only until Appellant's homicide trial was completed or until September 23, 1974. Since the Appellant was not tried by September 23, 1974, and excludable time amounted at most to 100 days, and the total delay was approximately 1195 days, the trial court granted the Appellant's motion for

---

**1.** According to Rule 1100 applicable at that time, the trial had to commence within 270 days of the arrest. Pa.R.Crim.P. 1100(a)(1).

arrest of judgment and discharged him. On appeal, the Superior Court (Spaeth, Brosky and Hoffman, JJ.) reversed, concluding that the Appellant's waiver was for an indefinite time and, therefore, any delay was not violative of Rule 1100.

First, I am in agreement with the Superior Court's ruling that *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978), is inapplicable to this case. It is clear, as we held in the *Coleman* case, that a waiver under Rule 1100 must be for a definite time. This ruling, however, was only to be applied prospectively. However, the inapplicability of *Coleman* is not dispositive of this appeal.

Prior to the adoption of Rule 1100, in evaluating whether a delay in trial was permissible, a balancing test of four factors was considered: "the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant". *Commonwealth v. McQuaid,* 464 Pa. 499, 518, 347 A.2d 465, 475 (1975). To alleviate the trial backlog and to more effectively protect the fundamental constitutional rights of an accused, we adopted Rule 1100. *Commonwealth v. Mayfield,* 469 Pa. 214, 217, 364 A.2d 1345, 1347 (1976). Through this Rule we promulgated an objective standard to protect the accused's right to a speedy trial. Thus, Rule 1100 states:

> **"Rule 1100. Prompt Trial**
>
> (a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

The rule, however, is not immutable in that we permit an accused to waive it, provided such waiver is knowingly and intelligently executed. *Commonwealth v. Manley,* 491 Pa. 461, 421 A.2d 636 (1980); *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976). To insure that such waiver is knowing and intelligent, we hve held in *Commonwealth v. Coleman, supra,* that the accused must be advised of the ramifications of such waiver, including the intended new

trial date, to guarantee that the defendant understands the consequences of his waiver and to assist him in making an intelligent decision as to whether he should waive Rule 1100.

Even without the *Coleman* rationale, the Commonwealth must still establish the scope and voluntariness of the waiver. The rule is clear that a trial commence within 270 days of the arrest, if such arrest occurred prior to July 1, 1974. Subsection (d) provides a safeguard to the Commonwealth when the delay in commencing the trial is attributable to the defendant. If the Commonwealth fails to commence trial within the mandatory time, it has the burden to prove that the delay has not been caused by its lack of due diligence.

Reviewing the record, it is clear that the Appellant did not indefinitely waive his right to a speedy trial. In a rather lengthy colloquy, the trial court discussed with the Appellant's trial counsel the basis for the Appellant's waiver. Trial counsel indicated that the Appellant wanted to complete a homicide trial before engaging in the robbery and burglary trial. The trial judge then inquired as to when the homicide trial would be completed. Being advised that the homicide trial was scheduled sometime after Labor Day, the court set the new trial date for September 23rd. At no time did the Appellant indicate that he was indefinitely waiving his Rule 1100 rights. Consequently, trial should have commenced prior to September 23. Excluding any subsequent continuances attributable to the Appellant, trial was commenced more than 900 days beyond that which is permissible under Rule 1100. Thus, the Appellant's right to a speedy trial, guaranteed under the Sixth Amendment of the United States Constitution, has been violated.

The Appellant's conviction for burglary and robbery must be reversed.

ROBERTS, J., joins in this dissenting opinion.